UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NOVACLOUD LICENSING LLC,<br><br>*Plaintiff,*<br><br>vs.<br><br>CHARTER COMMUNICATIONS, INC., CHARTER COMMUNICATIONS OPERATING, LLC, SPECTRUM MANAGEMENT HOLDING COMPANY, LLC, SPECTRUM GULF COAST, LLC, and CHARTER COMMUNICATIONS, LLC<br><br>*Defendants*. | CASE NO.   25-01266<br><br>**JURY DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., in which Plaintiff NovaCloud Licensing LLC ("NovaCloud") alleges as follows against Defendants Charter Communications, Inc., Charter Communications Operating, LLC, Spectrum Management Holding Company, LLC, Spectrum Gulf Coast, LLC, and Charter Communications, LLC (collectively, "Spectrum" or "Defendants"):

1. This Complaint arises from Defendants' infringement of the following United States patents owned by NovaCloud, each of which relates to multimedia streaming technology: U.S. Patent Nos. 8,145,721 (the "'721 Patent"), 8,949,206 (the "'206 Patent"), RE47,612 (the "'RE'612 Patent") (collectively, "Asserted Patents").

1

## PLAINTIFF NOVACLOUD AND THE ASSERTED PATENTS

2. Plaintiff NovaCloud Licensing, LLC is a Delaware limited liability company with its principal place of business at 228 Hamilton Avenue, 3rd Floor, Palo Alto, CA 94301.

3. NovaCloud was formed in 2024 to take ownership of and provide access to the fundamental patented technology that emerged from Ericsson's pioneering research in cloud computing, networking, and content delivery.[1] This technology is integral to today's Infrastructure-as-a-Service and Platform-as-a-Service cloud computing platforms, content delivery networks, and datacenters and, as such, underpins many of the consumer-facing technologies and services people use daily, such as file storage and access, streaming services, cloud-based Software-as-a-Service applications, and communication and collaboration tools.

4. Plaintiff is the owner of U.S. Patent No. 8,145,721, titled "Bit Streams Combination of Downloaded Multimedia Files," which issued on March 27, 2012. A copy of the '721 Patent is attached to this Complaint as Exhibit 1.

5. Plaintiff is the owner of U.S. Patent No. 8,949,206, titled "System and Method for Creating Multiple Versions of a Descriptor File," which issued on February 3, 2015. A copy of the '206 Patent is attached to this Complaint as Exhibit 2.

6. Plaintiff is the owner of U.S. Patent No. RE47,612, titled "Adaptive Ads with Advertising Markets." The patent was originally issued on November 24, 2015 and it was reissued on September 17, 2019. A copy of the RE'612 Patent is attached to this Complaint as Exhibit 3.

---

[1] https://www.novacloudllc.com/#portfolio

## DEFENDANTS

7. On information and belief, defendant Charter Communications, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 12405 Powerscourt Drive, St. Louis Missouri, 63131. Charter Communications, Inc may be served at 211 E. 7th Street Suite 620, Austin, Texas 78701.[2]

8. According to its website, Charter Communications, Inc. "operate in 41 states with services available to more than 57 million homes and businesses in markets of all demographics and sizes."[3]

9. On information and belief, Charter owns or leases, and maintains and operates several stores in this district by and through subsidiary limited liability companies that it manages and controls, including at least Spectrum Gulf Coast LLC, and negotiates and signs agreements on Spectrum Gulf Coast's behalf.

10. In these stores, Charter Communications, Inc. owns, stores, markets, and sells services or related equipment that perform the Accused Instrumentalities mentioned below.

11. On information and belief, defendant Charter Communications Operating, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 400 Atlantic Street, Stamford, Connecticut 06901. Charter Communications Operating, LLC may be served at 211 E. 7th Street Suite 620, Austin, Texas 78701.[4]

12. On information and belief, defendant Spectrum Gulf Coast, LLC is a foreign limited liability company registered in the state of Texas, and organized and existing under the

---

[2] https://comptroller.texas.gov/taxes/franchise/account-status/search/32016399597
[3] https://corporate.charter.com/about-charter.
[4] https://comptroller.texas.gov/taxes/franchise/account-status/search/32066277644.

3

laws of the State of Delaware, with its principal place of business at 12405 Powerscourt Drive, St. Louis, Missouri 63131. Spectrum Gulf Coast, LLC may be served at 211 E. 7th Street Suite 620, Austin, Texas 78701.[5]

13. On information and belief, defendant Charter Communications, LLC is a foreign limited liability company registered in the state of Texas, and organized and existing under the laws of the State of Delaware, with its principal place of business at 12405 Powerscourt Drive, St. Louis, Missouri 63131. Charter Communications, LLC may be served at 211 E. 7th Street Suite 620, Austin, Texas 78701.[6]

14. On information and belief, Charter Communications, Inc. is the corporate manager of its subsidiary LLCs that own or lease property in this district, that employ employees in this district, and that market, own, store, sell, and lease equipment performing the Accused Instrumentalities in this district. Charter Communications, Inc. has the right to exercise near total control of each entity's operations through its LLC agreements with each entity.

## JURISDICTION AND VENUE

15. This action arises under the patent laws of the United States, Title 35 of the United States Code.

16. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

17. Venue is proper in this District under 28 U.S.C. §§ 1391(c) and 1400(b).[7]

---

[5] https://comptroller.texas.gov/taxes/franchise/account-status/search/32048202892.

[6] https://comptroller.texas.gov/taxes/franchise/account-status/search/32016335427.
[7] *Touchstream Tech, Inc. v. Charter Comm, Inc., et al.*, Case No. 2-23-cv-0069-JRG, Dkt. No. 64 (E.D. Tex., May 2, 2024).

18. Spectrum is subject to this Court's personal jurisdiction consistent with the principles of due process and/or the Texas Long Arm Statute.

19. This Court has general and specific personal jurisdiction over the Defendants under the laws of the State of Texas at least because Spectrum has committed acts of infringement within this District giving rise to this action, has a regular and established place of business in this District, and has established minimum contacts with this forum such that the exercise of jurisdiction over Spectrum would not offend traditional notions of fair play and substantial justice. Spectrum, directly and/or through subsidiaries or intermediaries, conducts its business extensively throughout Texas, by shipping, distributing, offering for sale, selling, and advertising its products and/or services in Texas and the Eastern District of Texas, regularly do business or solicit business, engage in other persistent courses of conduct, and/or derive substantial revenue from products and/or services provided to individuals in Texas, and commit acts of infringement of Plaintiff's patents in this District by, among other things, making, using, importing, offering to sell, and selling products and services that infringe the Asserted Patents, including without limitation the Spectrum TV services, Spectrum Xumo Stream Box, and the Spectrum TV app accused of infringement in this case.

20. Defendants, directly and/or through subsidiaries or intermediaries, have purposefully and voluntarily placed one or more products and/or services in the stream of commerce that practice the Asserted Patents with the intention and expectation that they will be purchased and used by consumers in the Eastern District of Texas. These products and/or services have been and continue to be purchased and used in the Eastern District of Texas.

21. Venue is also proper in this district because Spectrum has a regular and established place of business and has committed acts of infringement in this district.

22.  For example, on information and belief, Spectrum has regular and established places of business at: 4255-A Dowlen Rd, Beaumont, TX 77706, 3121 Edgar Brown Dr, Orange, TX 77630, 700 Alma Dr, Plano, TX, and 2100 N Dallas Pkwy, Plano, TX.[8]



23.  Spectrum also advertises in the Eastern District of Texas, including but not limited to advertising the geographic coverage of the Spectrum networks within this District. By way of example and without limitation, Spectrum's website provides a coverage map that advertises Spectrum current 5G wireless coverage in and around Marshall, Texas, as shown below.[9]

---

[8] *See, e.g.*, https://www.spectrum.com/locations/tx.
[9] *See, e.g.,* https://www.spectrum.com/mobile/coverage-map.



### COUNT 1 – INFRINGEMENT OF THE '721 PATENT

24. NovaCloud incorporates by reference each of the allegations in the foregoing paragraphs above and further alleges as follows:

25. On March 27, 2012, the United States Patent and Trademark Office issued U.S. Patent No. 8,145,721, titled "Bit Streams Combination of Downloaded Multimedia Files." Ex. 1.

26. The Accused Instrumentalities for the '721 Patent are Defendants' networks, servers, products and services that implement Spectrum TV services, Spectrum TV products such as Xumo Stream Box, Spectrum TV app, and other Spectrum services and products using Adaptive Bitrate (ABR) Streaming or AI Assisted Streaming.

27. NovaCloud is the owner of the '721 Patent with full rights to enforce the patent and pursue recovery of royalties as damages for infringement, including full rights to recover past and future damages.

28. The written description of the '721 Patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the nonconventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

29. NovaCloud and its predecessors in interest have satisfied the requirements of 35 U.S.C. § 287(a) with respect to the '721 Patent, and NovaCloud is entitled to damages for Spectrum's past infringement.

30. Defendants have directly infringed (literally and equivalently) and induced others to infringe the '721 Patent by making, using, selling, offering for sale, or importing products, infrastructure, and/or services that infringe the claims of the '721 Patent and by inducing others to infringe the claims of the '721 Patent without a license or permission from NovaCloud, such as for example inducing any vendor(s) or customers of the Accused Instrumentalities to perform the patented methods of the '721 Patent.

31. On information and belief, Defendants use, import, offer for sale, and sell certain infringing products in the United States with the Accused Instrumentalities. Exhibit 4 provides a description of the Accused Instrumentalities and a chart showing examples of how they infringe Claim 14 of the '721 Patent, which NovaCloud provides without the benefit of information about the Accused Instrumentalities obtained through discovery.

32. Defendants knowingly and intentionally induce and contribute to infringement of the '721 Patent in violation of 35 U.S.C. §§ 271(b)-(c). For example, Spectrum has had knowledge of or has been willfully blind to the '721 Patent and the infringing nature of the Accused Instrumentalities no later than the filing and service of this Complaint. The Accused Instrumentalities are not a staple article or commodity of commerce suitable for substantial non-infringing uses.

33. Despite this knowledge, Spectrum continues to actively encourage and instruct its customers to use and integrate the Accused Instrumentalities in ways that directly infringe the '721 Patent. Spectrum does so knowing and intending that its customers will commit these infringing acts. Spectrum also continues to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite its knowledge of the '721 Patent, thereby specifically intending for and inducing its customers to infringe the '721 Patent through the normal and customary use of the Accused Instrumentalities. On information and belief, these acts include providing information and instructions on the use of the Accused Instrumentalities, providing information, education and instructions to its customers; and indemnifying patent infringement within the United States.

34. Spectrum has known, or has been willfully blind to the fact, that making, using, offering to sell, and selling the Accused Instrumentalities to its customers, would constitute willful infringement of the '721 Patent.

35. Spectrum has induced, and continues to induce, infringement of the '721 Patent by actively encouraging others (including its customers) to use, offer to sell, sell, and import the Accused Instrumentalities. On information and belief, these acts include providing information and instructions on the use of the Accused Instrumentalities; providing information, education and

9

instructions on the use of the Accused Instrumentalities; providing the Accused Instrumentalities to customers; and indemnifying patent infringement within the United States.

36.     NovaCloud has been damaged by Spectrum's infringement of the '721 Patent and is entitled to damages as provided for in 35 U.S.C. § 284, including reasonable royalty damages.

## COUNT 2 – INFRINGEMENT OF THE '206 PATENT

37.     NovaCloud incorporates by reference each of the allegations in the foregoing paragraphs above and further alleges as follows:

38.     On February 3, 2015, the United States Patent and Trademark Office issued U.S. Patent No. 8,949,206, titled "System and Method for Creating Multiple Versions of a Descriptor File." Ex. 2.

39.     The Accused Instrumentalities for the '206 Patent are Defendants' networks, servers, products and services that implement Spectrum TV services, Spectrum TV products such as Xumo Stream Box, Spectrum TV app, and other Spectrum services and products using manifest manipulation technology for adaptive bitrate streaming.

40.     NovaCloud is the owner of the '206 Patent with full rights to enforce the patent and pursue recovery of royalties as damages for infringement, including full rights to recover past and future damages.

41.     The written description of the '206 Patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the nonconventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

42. NovaCloud and its predecessors in interest have satisfied the requirements of 35 U.S.C. § 287(a) with respect to the '206 Patent, and NovaCloud is entitled to damages for Spectrum's past infringement.

43. Defendants have directly infringed (literally and equivalently) and induced others to infringe the '206 Patent by making, using, selling, offering for sale, or importing products, infrastructure, and/or services that infringe the claims of the '206 Patent and by inducing others to infringe the claims of the '206 Patent without a license or permission from NovaCloud, such as for example inducing any vendor(s) or customers of the Accused Instrumentalities to perform the patented methods of the '206 Patent.

44. On information and belief, Defendants use, import, offer for sale, and sell certain infringing products in the United States with the Accused Instrumentalities. Exhibit 5 provides a description of the Accused Instrumentalities and a chart showing examples of how they infringe Claim 14 of the '206 Patent, which NovaCloud provides without the benefit of information about the Accused Instrumentalities obtained through discovery.

45. Defendants knowingly and intentionally induce and contribute to infringement of the '206 Patent in violation of 35 U.S.C. §§ 271(b)-(c). For example, Spectrum has had knowledge of or has been willfully blind to the '206 Patent and the infringing nature of the Accused Instrumentalities no later than the filing and service of this Complaint. The Accused Instrumentalities are not a staple article or commodity of commerce suitable for substantial non-infringing uses.

46. Despite this knowledge, Spectrum continues to actively encourage and instruct its customers to use and integrate the Accused Instrumentalities in ways that directly infringe the '206 Patent. Spectrum does so knowing and intending that its customers will commit these infringing

acts. Spectrum also continues to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite its knowledge of the '206 Patent, thereby specifically intending for and inducing its customers to infringe the '206 Patent through the normal and customary use of the Accused Instrumentalities. On information and belief, these acts include providing information and instructions on the use of the Accused Instrumentalities, providing information, education and instructions to its customers; and indemnifying patent infringement within the United States.

47. Spectrum has known, or has been willfully blind to the fact, that making, using, offering to sell, and selling the Accused Instrumentalities to its customers, would constitute willful infringement of the '206 Patent.

48. Spectrum has induced, and continues to induce, infringement of the '206 Patent by actively encouraging others (including its customers) to use, offer to sell, sell, and import the Accused Instrumentalities. On information and belief, these acts include providing information and instructions on the use of the Accused Instrumentalities; providing information, education and instructions on the use of the Accused Instrumentalities; providing the Accused Instrumentalities to customers; and indemnifying patent infringement within the United States.

49. NovaCloud has been damaged by Spectrum's infringement of the '206 Patent and is entitled to damages as provided for in 35 U.S.C. § 284, including reasonable royalty damages.

**COUNT 3 – INFRINGEMENT OF THE RE'612 PATENT**

50. NovaCloud incorporates by reference each of the allegations in the foregoing paragraphs above and further alleges as follows:

51. On February 3, 2015, the United States Patent and Trademark Office issued reissue U.S. Patent No. RE47,612, titled "Adaptive Ads with Advertising Markers." Ex. 3.

52. The Accused Instrumentalities for the RE'612 Patent are Defendants' networks, servers, products and services that implement Spectrum TV services, Spectrum TV products such as Xumo Stream Box, Spectrum TV app, and other Spectrum services and products using targeted advertising technology.

53. NovaCloud is the owner of the RE'612 Patent with full rights to enforce the patent and pursue recovery of royalties as damages for infringement, including full rights to recover past and future damages.

54. The written description of the RE'612 Patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the nonconventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

55. NovaCloud and its predecessors in interest have satisfied the requirements of 35 U.S.C. § 287(a) with respect to the RE'612 Patent, and NovaCloud is entitled to damages for Spectrum's past infringement.

56. Defendants have directly infringed (literally and equivalently) and induced others to infringe the RE'612 Patent by making, using, selling, offering for sale, or importing products, infrastructure, and/or services that infringe the claims of the RE'612 Patent and by inducing others to infringe the claims of the RE'612 Patent without a license or permission from NovaCloud, such as for example inducing any vendor(s) or customers of the Accused Instrumentalities to perform the patented methods of the RE'612 Patent.

57. On information and belief, Defendants use, import, offer for sale, and sell certain infringing products in the United States with the Accused Instrumentalities. Exhibit 6 provides a

description of the Accused Instrumentalities and a chart showing examples of how they infringe Claim 26 of the RE'612 Patent, which NovaCloud provides without the benefit of information about the Accused Instrumentalities obtained through discovery.

58. Defendants knowingly and intentionally induce and contribute to infringement of the RE'612 Patent in violation of 35 U.S.C. §§ 271(b)-(c). For example, Spectrum has had knowledge of or has been willfully blind to the RE'612 Patent and the infringing nature of the Accused Instrumentalities no later than the filing and service of this Complaint. The Accused Instrumentalities are not a staple article or commodity of commerce suitable for substantial non-infringing uses.

59. Despite this knowledge, Spectrum continues to actively encourage and instruct its customers to use and integrate the Accused Instrumentalities in ways that directly infringe the RE'612 Patent. Spectrum does so knowing and intending that its customers will commit these infringing acts. Spectrum also continues to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite its knowledge of the RE'612 Patent, thereby specifically intending for and inducing its customers to infringe the RE'612 Patent through the normal and customary use of the Accused Instrumentalities. On information and belief, these acts include providing information and instructions on the use of the Accused Instrumentalities, providing information, education and instructions to its customers; and indemnifying patent infringement within the United States.

60. Spectrum has known, or has been willfully blind to the fact, that making, using, offering to sell, and selling the Accused Instrumentalities to its customers, would constitute willful infringement of the RE'612 Patent.

61. Spectrum has induced, and continues to induce, infringement of the RE'612 Patent by actively encouraging others (including its customers) to use, offer to sell, sell, and import the Accused Instrumentalities. On information and belief, these acts include providing information and instructions on the use of the Accused Instrumentalities; providing information, education and instructions on the use of the Accused Instrumentalities; providing the Accused Instrumentalities to customers; and indemnifying patent infringement within the United States.

62. NovaCloud has been damaged by Spectrum's infringement of the RE'612 Patent and is entitled to damages as provided for in 35 U.S.C. § 284, including reasonable royalty damages.

## JURY DEMAND

63. NovaCloud demands a jury trial pursuant to Federal Rule of Civil Procedure 38.

## RELIEF REQUESTED

NovaCloud prays for the following relief:

A. A judgment in favor of NovaCloud that Defendants have infringed the Asserted Patents, and that the Asserted Patents are valid and enforceable;

B. A judgment and order requiring Defendants to pay NovaCloud past and future damages arising out of Defendants' infringement of the Asserted Patents in an amount no less than a reasonable royalty, costs, expenses, and pre- and post-judgment interest for its infringement of the asserted patents, as provided under 35 U.S.C. § 284;

C. A permanent injunction prohibiting Defendants from further acts of infringement of the Asserted Patents;

D.  A judgment and order requiring Defendants to provide an accounting and to pay supplemental damages to NovaCloud, including, without limitation, pre-judgment and post-judgment interest;

E.  A judgement that Defendants' infringement is willful and enhanced damages and fees as a result of that willfulness under 35 U.S.C. § 284;

F.  A finding that this case is exceptional under 35 U.S.C. § 285, and an award of Defendants' reasonable attorney's fees and costs; and

G.  Any and all other relief to which NovaCloud may be entitled.

Dated:  December 31, 2025                    Respectfully submitted,

*/s/ Reza Mirzaie*
Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Marc Fenster (CA SBN 181067)
mfenster@raklaw.com
Adam Hoffman (CA SBN 218740)
ahoffman@raklaw.com
Andrew Weiss (CA SBN 232974)
aweiss@raklaw.com
Linjun Xu (CA SBN 307667)
lxu@raklaw.com
Joshua Scheufler (TX SBN 24123406)
jscheufler@raklaw.com

**RUSS AUGUST & KABAT**
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474

*Attorneys for Plaintiff*
*NovaCloud Licensing, LLC*