**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| NOVACLOUD LICENSING LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC. *et al*,<br><br>*Defendants*. | Case No. 2:25-cv-1266-JRG-RSP |

**VENUE DISCOVERY ORDER**

Before the Court is the Joint Motion for Venue Discovery and Briefing Schedule. **Dkt. No. 21**. In the Motion, the Parties represent that they have agreed on a discovery period related to Defendants' Motion to Dismiss for Improper Venue Under Rule 12(b)(3), or Alternatively, Transfer Under 28 U.S.C. § 1404(a), and Motion to Dismiss for Failure to State a Claim Under Rule 12(b)(6) (Dkt. No. 14) filed in the above-captioned case.

Having considered the Motion, the Court is of the opinion that it should be, and hereby is, **GRANTED**. Therefore, it is **ORDERED** that the Plaintiff and Defendants shall conduct venue-related discovery and file their subsequent briefing as follows:

1. NovaCloud may serve up to 5 Venue-Related Requests for Production and 5 Venue-Related Interrogatories on each individual Defendant who has argued that venue is improper and/or inconvenient here in the Eastern District of Texas; and 5 Common Venue-Related Requests for Production and 5 Common Venue-Related Interrogatories across all Defendants who have argued that venue is improper and/or inconvenient here in the Eastern District of Texas. A "Common Venue-Related Request for Production"

is one that is identical in substance and counts as a single request for production regardless of the number of Defendants. A "Common Venue-Related Interrogatory" is one that is identical in substance and counts as a single interrogatory regardless of the number of Defendants.

2. NovaCloud may conduct one Rule 30(b)(6) venue-related deposition of each Defendant who has argued that venue is improper and/or inconvenient here in the Eastern District of Texas.
3. Defendants may serve up to 5 Venue-Related Requests for Production and 5 Venue-Related Interrogatories on NovaCloud.
4. Defendants may conduct one Rule 30(b)(6) transfer-related deposition of NovaCloud.
5. Each venue-related or transfer-related deposition is limited to 4 hours.
6. The time for responding to venue-related discovery requests is set to twenty one (21) days from service, or as otherwise agreed by the Parties.
7. Venue-related discovery shall be limited to the venue and transfer issues raised in the Motion to Dismiss for Improper Venue Under Rule 12(b)(3), or Alternatively, Transfer Under 28 U.S.C. § 1404(a), and Motion to Dismiss for Failure to State a Claim Under Rule 12(b)(6), the supporting declarations and exhibits, and related evidence.
8. The venue-related discovery shall not count toward the parties' general discovery limits in the forthcoming Discovery Order.
9. Nothing in this order shall be deemed a waiver of any party's objections.
10. Venue discovery shall be completed within 120 days of the Court's order on this joint motion.

11. NovaCloud’s opposition to the Motion to Dismiss for Improper Venue Under Rule 12(b)(3), or Alternatively, Transfer Under 28 U.S.C. § 1404(a), and Motion to Dismiss for Failure to State a Claim Under Rule 12(b)(6) shall be due three weeks from the close of venue discovery. Defendants’ reply shall be due three weeks after the filing of NovaCloud’s opposition. NovaCloud’s sur-reply shall be due three weeks after the filing of the reply.

**SIGNED this 30th day of March, 2026.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE