**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| NOVACLOUD LICENSING LLC, <br><br> *Plaintiff*, <br><br> vs. <br><br> CHARTER COMMUNICATIONS, INC., CHARTER COMMUNICATIONS OPERATING, LLC, SPECTRUM MANAGEMENT HOLDING COMPANY, LLC, SPECTRUM GULF COAST, LLC, and CHARTER COMMUNICATIONS, LLC <br><br> *Defendants*. | Case No. 2:25-cv-01266-JRG-RSP <br><br><br> **JURY TRIAL DEMANDED** |

**JOINT MOTION TO AMEND THE SCHEDULING ORDER**

Plaintiff NovaCloud Licensing, LLC ("NovaCloud") and Defendants Charter Communications, Inc., Charter Communications Operating, LLC, Spectrum Management Holding Company, LLC, Spectrum Gulf Coast, LLC, and Charter Communications, LLC (collectively, "Charter" or "Defendants") file this Joint Motion for to Amend the Scheduling Order (Dkt. No. 25) and would show the Court as follows:

The Parties request a brief one-week extension of the deadline to File Proposed Protective Order and Comply with Paragraphs 1 & 3 of the Discovery Order (Initial and Additional Disclosures). The Parties have been diligently working to prepare these materials. Given the number of redlines between the Parties, the Parties respectfully request a brief extension of time in order to finalize these materials. The Parties also respectfully request additional time to gather the necessary and relevant information for their Initial and Additional Disclosures.

- 1 -

Defendants also request a thirty-six day extension to extend the deadlines to Comply with P.R. 3-3 & 3-4 (Invalidity Contentions) and to Comply with Standing Order Regarding Subject-Matter Eligibility Contentions, which Plaintiff does not oppose.

No other deadlines will be affected by this amendment to the Scheduling Order. The Parties represent that this Motion is not filed for the purposes of delay, but for good cause and so that justice may be served.

Accordingly, the Parties respectfully request that the Court grant this Joint Motion to Amend the Scheduling Order (Dkt. No. 25) as follows:

| Current Deadline | Amended Deadline | Event |
| --- | --- | --- |
| February 7, 2028 | | *Jury Selection – 9:00 a.m. in **Marshall, Texas** |
| 7 days before Jury Selection | | *Defendant to disclose final invalidity theories, final prior art references/combinations, and final equitable defenses with notice of the same filed with the Court.[1] |
| 10 days before Jury Selection | | *Plaintiff to disclose final election of Asserted Claims with notice of the same filed with the Court.[2] |
| January 10, 2028 | | * If a juror questionnaire is to be used, an editable (in Microsoft Word format) questionnaire shall be jointly submitted to the Deputy Clerk in Charge by this date.[3] |

---

[1] The proposed DCO shall include this specific deadline. The deadline shall read, "7 days before Jury Selection," and shall not include a specific date.

[2] Given the Court's past experiences with litigants dropping claims and defenses during or on the eve of trial, the Court is of the opinion that these additional deadlines are necessary. The proposed DCO shall include this specific deadline. The deadline shall read, "10 days before Jury Selection," and shall not include a specific date.

[3] The Parties are referred to the Court's Standing Order Regarding Use of Juror Questionnaires in Advance of *Voir Dire*.

| | | |
|---|---|---|
| January 3, 2028 | | *Pretrial Conference – 9:00 a.m. in **Marshall, Texas** before Magistrate Judge Roy S. Payne. |
| December 27, 2027 | | *Notify Court of Agreements Reached During Meet and Confer<br><br>The parties are ordered to meet and confer on any outstanding objections or motions in limine. The parties shall advise the Court of any agreements reached no later than 1:00 p.m. three (3) business days before the pretrial conference. |
| December 27, 2027 | | *File Joint Pretrial Order, Joint Proposed Jury Instructions, Joint Proposed Verdict Form, Responses to Motions in Limine, Updated Exhibit Lists, Updated Witness Lists, and Updated Deposition Designations |
| December 20, 2027 | | *File Notice of Request for Daily Transcript or Real Time Reporting.<br><br>If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Shawn McRoberts, at shawn_mcroberts@txed.uscourts.gov. |
| December 13, 2027 | | File Motions in Limine<br><br>The parties shall limit their motions in limine to issues that if improperly introduced at trial would be so prejudicial that the Court could not alleviate the prejudice by giving appropriate instructions to the jury. |
| December 13, 2027 | | Serve Objections to Rebuttal Pretrial Disclosures |
| December 6, 2027 | | Serve Objections to Pretrial Disclosures; and Serve Rebuttal Pretrial Disclosures |
| November 22, 2027 | | Serve Pretrial Disclosures (Witness List, Deposition Designations, and Exhibit List) by the Party with the Burden of Proof |
| November 15, 2027 | | *Response to Dispositive Motions (including Daubert Motions). Responses to dispositive motions that were filed prior to the dispositive motion deadline, including Daubert Motions, shall be due in accordance with Local Rule CV-7(e), |

| | | |
|---|---|---|
| | | not to exceed the deadline as set forth in this Docket Control Order.[4] Motions for Summary Judgment shall comply with Local Rule CV-56. |
| November 1, 2027 | | *File Motions to Strike Expert Testimony (including Daubert Motions)<br><br>No motion to strike expert testimony (including a Daubert motion) may be filed after this date without leave of the Court. |
| November 1, 2027 | | *File Dispositive Motions<br><br>No dispositive motion may be filed after this date without leave of the Court.<br><br>Motions shall comply with Local Rule CV-56 and Local Rule CV-7. Motions to extend page limits will only be granted in exceptional circumstances. Exceptional circumstances require more than agreement among the parties. |
| October 25, 2027 | | Deadline to Complete Expert Discovery |
| October 12, 2027 | | Serve Disclosures for Rebuttal Expert Witnesses |
| September 20, 2027 | | Deadline to Complete Fact Discovery and File Motions to Compel Discovery |
| September 20, 2027 | | Serve Disclosures for Expert Witnesses by the Party with the Burden of Proof |
| August 27, 2027 | | Comply with P.R. 3-7 (Opinion of Counsel Defenses) |
| August 6, 2027 | | *Claim Construction Hearing – 9:00 a.m. in Marshall, Texas before Magistrate Judge Roy S. Payne. |
| July 23, 2027 | | *Comply with P.R. 4-5(d) (Joint Claim Construction Chart) |

---

[4] The parties are directed to Local Rule CV-7(d), which provides in part that "[a] party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion." If the deadline under Local Rule CV 7(e) exceeds the deadline for Response to Dispositive Motions, the deadline for Response to Dispositive Motions controls.

| July 16, 2027 | | *Comply with P.R. 4-5(c) (Reply Claim Construction Brief) |
| July 9, 2027 | | Comply with P.R. 4-5(b) (Responsive Claim Construction Brief) |
| June 25, 2027 | | Comply with P.R. 4-5(a) (Opening Claim Construction Brief) and Submit Technical Tutorials (if any)<br><br>Good cause must be shown to submit technical tutorials after the deadline to comply with P.R. 4-5(a). |
| June 25, 2027 | | Deadline to Substantially Complete Document Production and Exchange Privilege Logs<br><br>Counsel are expected to make good faith efforts to produce all required documents as soon as they are available and not wait until the substantial completion deadline. |
| June 11, 2027 | | Comply with P.R. 4-4 (Deadline to Complete Claim Construction Discovery) |
| June 4, 2027 | | File Response to Amended Pleadings |
| May 21, 2027 | | *File Amended Pleadings<br><br>It is not necessary to seek leave of Court to amend pleadings prior to this deadline unless the amendment seeks to assert additional patents. |
| May 14, 2027 | | Comply with P.R. 4-3 (Joint Claim Construction Statement) |
| April 23, 2027 | | Comply with P.R. 4-2 (Exchange Preliminary Claim Constructions) |
| April 2, 2027 | | Comply with P.R. 4-1 (Exchange Proposed Claim Terms) |
| May 7, 2026 | June 12, 2026 | Comply with Standing Order Regarding Subject-Matter Eligibility Contentions[5] |

---

[5]http://www.txed.uscourts.gov/sites/default/files/judgeFiles/EDTX%20Standing%20Order%20 Re%20Subject%20Matter%20Eligibility%20Contentions%20.pdf [https://perma.cc/RQN2-YU5P]

- 5 -

| May 7, 2026 | June 12, 2026 | Comply with P.R. 3-3 & 3-4 (Invalidity Contentions) |
|---|---|---|
| April 16, 2026 | April 23, 2026 | *File Proposed Protective Order and Comply with Paragraphs 1 & 3 of the Discovery Order (Initial and Additional Disclosures)<br><br>The Proposed Protective Order shall be filed as a separate motion with the caption indicating whether or not the proposed order is opposed in any part. |
| April 9, 2026 | | *File Proposed Discovery Order<br><br>The Proposed Discovery Order shall be filed with the caption indicating whether or not the proposed order is opposed in any part. |
| April 2, 2026 | | Join Additional Parties |
| March 12, 2026 | | Comply with P.R. 3-1 & 3-2 (Infringement Contentions) |

**(\*) indicates a deadline that cannot be changed without an acceptable showing of good cause. Good cause is not shown merely by indicating that the parties agree that the deadline should be changed.**

**ADDITIONAL REQUIREMENTS**

**Mediation:** While certain cases may benefit from mediation, such may not be appropriate for every case. The Court finds that the Parties are best suited to evaluate whether mediation will benefit the case after the issuance of the Court's claim construction order. Accordingly, the Court **ORDERS** the Parties to file a Joint Notice indicating whether the case should be referred for mediation **within fourteen days of the issuance of the Court's claim construction order**. As a part of such Joint Notice, the Parties should indicate whether they have a mutually agreeable mediator for the Court to consider. If the Parties disagree about whether mediation is appropriate, the Parties should set forth a brief statement of their competing positions in the Joint Notice.

**Summary Judgment Motions, Motions to Strike Expert Testimony, and _Daubert_ Motions:** For each motion, the moving party shall provide the Court with two (2) hard copies of the completed briefing (opening motion, response, reply, and if applicable, sur-reply), excluding exhibits, in D-three-ring binders, appropriately tabbed. All documents shall be single-sided and must include the CM/ECF header. These copies shall be delivered to the Court within three (3) business days after briefing has completed. For expert-related motions, complete digital copies of the relevant expert report(s) and accompanying exhibits shall be submitted on a single flash drive to the Court. Complete digital copies of the expert report(s) shall be delivered to the Court no later than the dispositive motion deadline.

**Indefiniteness:** In lieu of early motions for summary judgment, the parties are directed to include any arguments related to the issue of indefiniteness in their *Markman* briefing, subject to the local rules' normal page limits.

**Lead Counsel:** The Parties are directed to Local Rule CV-11(a)(1), which provides that "[o]n the first appearance through counsel, each party shall designate a lead attorney on the pleadings or otherwise." Additionally, once designated, a party's lead attorney may only be changed by the filing of a Motion to Change Lead Counsel and thereafter obtaining from the Court an Order granting leave to designate different lead counsel. The true lead counsel should be designated early and should not expect to parachute in as lead once the case has been largely developed.

**Motions for Continuance:** The following will not warrant a continuance nor justify a failure to comply with the discovery deadline:

(a)    The fact that there are motions for summary judgment or motions to dismiss pending;

(b)    The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

**Amendments to the Docket Control Order ("DCO"):** Any motion to alter any date on the DCO shall take the form of a motion to amend the DCO. The motion to amend the DCO shall include a proposed order that lists all of the remaining dates in one column (as above) and the proposed changes to each date in an additional adjacent column (if there is no change for a date the proposed date column should remain blank or indicate that it is unchanged). In other words, the DCO in the proposed order should be complete such that one can clearly see all the remaining deadlines and the changes, if any, to those deadlines, rather than needing to also refer to an earlier version of the DCO.

**Joint Pretrial Order:** In the contentions of the Parties included in the Joint Pretrial Order, the Plaintiff shall specify all allegedly infringed claims that will be asserted at trial. The Plaintiff shall also specify the nature of each theory of infringement, including under which subsections of 35 U.S.C. § 271 it alleges infringement, and whether the Plaintiff alleges divided infringement or infringement under the doctrine of equivalents. Each Defendant shall indicate the nature of each theory of invalidity, including invalidity for anticipation, obviousness, subject-matter eligibility, written description, enablement, or any other basis for invalidity. The Defendant shall also specify each prior art reference or combination of references upon which the Defendant shall rely at trial, with respect to each theory of invalidity. Other than as set forth in the above deadlines, the contentions of the Parties may not be amended, supplemented, or dropped without leave of the Court based upon a showing of good cause. The Parties in a case which has been consolidated for pre-trial purposes and which is moving towards a separate trial on the merits (subsequent to pre-trial) shall file, as an exhibit to the parties' Joint Pretrial Order, a list identifying all docket entries from the lead case that relate to the applicable member case.

**Trial:** All parties must appear in person at trial. All non-individual (including but not limited to corporate) parties must appear at trial through the presence in person of a designated representative. Once they have appeared, any representative of a non-individual party shall not be replaced or substituted without express leave of Court.

Dated: April 16, 2026

/s/ *Reza Mirzaie*
Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Marc Fenster (CA SBN 181067)
mfenster@raklaw.com
Adam Hoffman (CA SBN 218740)
ahoffman@raklaw.com
Andrew Weiss (CA SBN 232974)
aweiss@raklaw.com
Linjun Xu (CA SBN 307667)
lxu@raklaw.com
Joshua Scheufler (TX SBN 24123406)
jscheufler@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
(310) 826-7474

**ATTORNEYS FOR PLAINTIFF**
**NovaCloud Licensing LLC**

Respectfully submitted,

/s/ *Elizabeth A. Long*
Deron R. Dacus
Texas State Bar No. 00790553
Shannon M. Dacus
Texas State Bar No. 00791004
THE DACUS FIRM, PC
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
ddacus@dacusfirm.com
sdacus@dacusfirm.com

Daniel L. Reisner
NY Bar No. 2685543
Elizabeth A. Long
NY Bar No. 4125209
Rebecca Maller-Stein
NY Bar No. 5416805
Jerrit Yang
NY Bar No. 5929997
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
Phone: (212) 836-8000
Fax: (212) 836-8689
daniel.reisner@arnoldporter.com
elizabeth.long@arnoldporter.com
rebecca.maller-stein@arnoldporter.com
jerrit.yang@arnoldporter.com

Ryan Roberts
CA Bar No. 323527
ARNOLD & PORTER KAYE SCHOLER LLP
3000 El Camino Real
Palo Alto, CA 94306-3807
Phone: (650) 319-4500
Fax: (650) 319-4700

- 9 -

Email: ryan.roberts@arnoldporter.com

**ATTORNEYS FOR DEFENDANTS**
**Charter Communications, Inc.; Charter**
**Communications Operating, LLC; Charter**
**Communications, LLC; Spectrum Gulf**
**Coast, LLC; and Spectrum Management**
**Holding Company, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this April 16, 2026, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ Reza Mirzaie
Reza Mirzaie

**CERTIFICATE OF CONFERENCE**

The undersigned certifies that counsel complied with the requirements of Eastern District of Texas Local Rule CV-7(h).  The parties are in agreement on filing this Joint Motion.

/s/ Reza Mirzaie
Reza Mirzaie